[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15634
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 7:09-cr-00006-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT EUGENE DUNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 22, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Albert Eugene Dunn appeals his convictions and sentences totaling 924 months' incarceration, a variance upward from his advisory guideline range, after being convicted by a jury of two counts of carjacking, in violation of 18 U.S.C. § 2119(1); knowing receipt and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); carjacking, in violation of 18 U.S.C. § 2119(2); brandishing, using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii); knowing receipt and possession of a firearm, having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and knowing receipt and possession of a firearm, having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dunn raises several issues on appeal, which we address in turn. After review, we affirm Dunn's convictions and sentences.

I.

First, Dunn argues the Government committed prosecutorial misconduct during its closing argument by repeatedly stating Dunn could have exercised his subpoena power to present any evidence that would have exonerated him.[1] In order to establish prosecutorial misconduct, (1) the challenged statements must be

---

[1]Where, as here, a defendant fails to object to alleged prosecutorial misconduct in the district court, we review the challenged conduct for plain error "that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *United States v. Merrill*, 513 F.3d 1293, 1306-07 (11th Cir. 2008) (citation omitted).

improper, and (2) the statements must prejudicially affect the substantial rights of the defendant. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id*. Thus, where sufficient independent evidence of guilt has been presented at trial, any error is harmless. *Id*.

Dunn has failed to show that the Government's statements were plain error. The Government specifically noted during its closing argument that it, not Dunn, had the burden of proof. The Government's statements regarding Dunn having the same subpoena power as the Government were not prosecutorial misconduct. *See United States v. Schmitz*, 634 F.3d 1247, 1267 (11th Cir. 2011) (holding the prosecution is permitted to state, during closing argument, that the defendant has the same subpoena power as the government).

While Dunn further questions the propriety of the Government's statements that if evidence contradicting the Government's evidence had existed, Dunn would have presented it, Dunn has failed to show a reasonable probability that the outcome of the trial would have been different if those statements had not been made. *See Eckhardt*, 466 F.3d at 947. Throughout the trial, the Government put forth a significant amount of evidence of Dunn's guilt regarding all seven counts.

3

Because the Government presented more than sufficient independent evidence of Dunn's guilt regarding all seven counts at trial, any error on the part of the district court in allowing the challenged statements is harmless.

II.

Next, Dunn asserts the district court relied on facts not properly charged and submitted to the jury for a definitive ruling beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), resulting in illegal sentences for Counts One, Two, and Four.[2] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

The federal statute which criminalizes carjacking provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall–

[2]When the claim is preserved, we review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party. *United States v. Hansen*, 262 F.3d 1217, 1248 (11th Cir. 2001). The omission of an element of an offense from jury instructions is subject to harmless error review. *See Neder v. United States*, 527 U.S. 1, 10 (1999); *see also United States v. Drury*, 396 F.3d 1303, 1314 (11th Cir. 2005). Thus, "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *Neder*, 527 U.S. at 17.

4

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119. Pursuant to 18 U.S.C. §§ 2119(2) and 2241(a)(1), (2), "serious bodily injury" includes "knowingly caus[ing] another person to engage in a sexual act–(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping."

With regard to Dunn's sentences for Counts One and Two, the Government concedes the district court plainly erred in sentencing Dunn to 25 years for each Count, as, pursuant to 18 U.S.C. § 2119(1), the statutory maximum for each of these counts is only 15 years. We agree.

In the superseding indictment, Dunn was charged under Count Four with violating § 2119(2), putting him on notice that he faced a statutory maximum term of imprisonment of 25 years. However, the district court's instructions to the jury

5

regarding Count Four and the actual language of the jury verdict form were confusing and misleading because they did not clearly inform the jury that it was required to find whether serious bodily injury resulted from the January 2009 carjacking incident. Thus, because the jury never found that serious bodily injury resulted from the carjacking as required by § 2119(2), the district court committed an instructional error in sentencing Dunn to 25 years' imprisonment for Count Four. *See Jones v. United States*, 526 U.S. 227, 252 (1999) (holding the subsections of § 2119 establish "three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict").

Although the district court's failure to properly charge the jury regarding the serious bodily injury element was error, that error was harmless and does not warrant plain error relief. It is clear the improper jury instructions did not contribute to the jury's guilty verdict for Count Four. Proof as to whether serious bodily injury resulted from the carjacking was overwhelming, as the Government presented strong and uncontroverted evidence of the sexual assaults. Dunn argued that he was not a participant in the incidents of January 15, 2009, but he never challenged whether someone committed the sexual assaults that the witnesses described. Having found that Dunn was guilty of the carjacking, there is no

6

reasonable doubt the jury would also have reached the conclusion that serious bodily injury resulted from that offense. *See United States v. Drury*, 396 F.3d 1303, 1314 (11th Cir. 2005) (holding the omission of an element in the jury instructions harmless where the element was uncontested and it was clear beyond a reasonable doubt that the verdict would have been the same).

III.

Finally, Dunn argues his sentences totaling 924 months' imprisonment are both procedurally and substantively unreasonable, as the district court failed to adequately explain its reasons for imposing his sentences and ignored mitigating evidence that warranted less severe sentences.[3]

Procedural reasonableness includes whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based upon clearly erroneous facts, and adequately explained the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.*

---

[3]We review the reasonableness of a sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007).

When a district court determines that a variance is appropriate, it should explain why the variance is appropriate in the particular case with sufficient justifications. *See United States v. Irey*, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (*en banc*). Moreover, a court at the time of sentencing must "state in open court the reasons for its imposition of the particular sentence, and, if the sentence [is outside the Guidelines range, explain] the specific reason for the imposition of a sentence different from [the Guidelines range]." 18 U.S.C. § 3553(c)(2). However, the court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (quotations omitted). A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

In this case, aside from his sentences for Counts One, Two, and Four, discussed *supra*, Dunn's sentences were procedurally and substantively reasonable. The district court properly calculated his Guideline's range, treated the Guidelines as advisory, did not base Dunn's sentences on clearly erroneous facts, and

8

adequately explained the chosen sentences. The court also considered the § 3553(a) factors and took into account Dunn's argument about potential mitigating factors in arriving at Dunn's sentences. Furthermore, the district court's explanation of its reasons for varying upward was sufficiently justified to support the degree of the variance. *See Irey*, 612 F.3d at 1187.

Dunn's sentences were also substantively reasonable. His sentences were appropriate to promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). His sentences also reflected the nature and circumstances of the offenses and his criminal history and background. *See* 18 U.S.C. § 3553(a)(1). Although Dunn argues that mitigating factors, including his family circumstances and mental health history, were present, the district court did not abuse its discretion in giving other factors more weight.

**AFFIRMED AS TO ALL CONVICTIONS AND SENTENCES FOR COUNTS THREE THROUGH SEVEN; VACATED AND REMANDED TO CORRECT SENTENCES FOR COUNTS ONE AND TWO.**